Arthur G. Klein, J.
Petition pursuant to article 78 of the Civil Practice Act, for an order remanding to respondent, Administrator of the City Rent and Rehabilitation Administration, certain proceedings and vacating certain orders which revoked and rescinded orders previously issued by the State Rent Commission, is granted to the extent hereinafter indicated.
This proceeding involves issues similar to those simultaneously determined by this court in Gilchrist v. Gabel (Cal. No. 43, Dec. 4, 1962). In both cases respondent, while reviewing, upon protest, previously issued orders of the State Rent Commission, applied the new laws and regulations promulgated when administration of rent control in New York City was transferred to
*1087 the city and vacated the prior orders validly issued by the State Bent Commission. Such retroactive application of subsequently enacted laws to deprive one of previously vested rights is unwarranted and, if permissible under the applicable statutes, would raise a serious question as to the constitutionality of those statutes. In the instant case petitioners applied for and received a general “ hardship ” increase in the rentals of most of the apartments in a building owned by them, pursuant to subdivision 5 of section 33 of the Bent and Eviction Begulations of the State of New York, then in effect. Various tenants protested the increases on March 5,1962. The protests alleged many instances of lack of service, which, after investigation, were found not justifiable nor cause for reduction of rentals. However, upon such review, respondent applied section 33.5 (subd. e, par. [1]) of the City Bent, Eviction and Behabilitation Begulations, which had been promulgated and made effective May, 1962. This section proscribes the granting of increases, such as those herein concerned, where less than two years elapsed since the last sale of the property. Since the last sale of the building herein concerned occurred January 16, 1961, less than two years had elapsed, and respondent therefore cancelled the prior orders and revoked the increase. As noted in the Gilchrist case, the decision in the three I. L. F. 7. Co. cases (10 N Y 2d 263; 11 N Y 2d 259; 11 N Y 2d 480) is inapposite, for those cases did not involve any vested rights acquired by petitioner therein under previously issued orders. So, too, respondent’s citation of the recent decision in Matter of Menro Realty Corp. v. Gabel (N. Y. L. J., Nov. 23, 1962, p. 14, col. 2) is not controlling, for in that case there was material fraud on the part of the landlord in the prior proceeding. (See New York City Administrative Code, § Y41-5.0, subd. b and Bent, Eviction and Behabilitation Begulations, § 103 promulgated thereunder, which specifically empower respondent to set aside rents resulting from fraud in the prior proceedings, and § 99 and § 118, subd. a of said regulations and L. 1962, ch. 21, § 11, which allow application of subsequently promulgated rules to pending protests from prior proceedings where such rules are made expressly applicable to such proceedings, as in the case of fraud.)
Accordingly, for the reasons set forth herein and in the decision in Gilchrist v. Gabel and in accordance with the decision in Matter of Streg, Inc. v. Gabel (N. Y. L. J., Dec. 3,1962, p. 22, col. 3), the petition is granted, the orders of respondent decreasing the rents rescinded, and the matter remanded to respondent for further proceedings not inconsistent with this opinion.