Wilfred A. Waltemade, J.
Proceeding under article 78 of the Civil Practice Act to annul that portion of the order of respondent which modified certain orders of the local rent office.
Petitioner sought an increase in maximum rents of the apartments in 972 Sherman Avenue, The Bronx, N. Y. On January 10, 1962, the local rent office issued orders increasing the maximum rents on various apartments in the building. The tenants filed a protest, and on April 25, 1962, the State Rent Administrator made another inspection of the building. Thereafter, on May 1, 1962, control of residential rents was transferred to the City Rent and Rehabilitation Administration. On January 22, 1963, the City Rent Administrator issued an order and opinion denying the tenants’ protest and modifying the orders of the local rent office. The opinion stated that under the State Rent and Eviction Regulations it was proper to use the purchase price in order to determine if the landlord was receiving a 6% return on his property, but under the City Rent, Eviction and Rehabilitation Regulations the assessed valuation of the property must be used as the base unless there had been a bona fide sale since *399 March 15,1958 (which was not the case here). Respondent used the assessed valuation as of the date of filing of the application as the basis for its new audit, instead of the purchase price originally used. Accordingly, the city commission modified the orders by reducing the increase originally granted by the State Rent Administrator.
Section 33.5 of the City Rent, Eviction and Rehabilitation Regulations became effective several months after the decision of the State’s local rent office and after the filing of the tenants’ protest.
Petitioner contends the retroactive application of the new regulations to vacate prior orders is unwarranted and improper — especially when, as here, the tenants’ protest was denied.
The basic problem presented by the facts in this matter has been the subject of several recent and well-reasoned decisions of this court.
When respondent denied the tenants’ protest, that was the end of the matter. There was nothing else for respondent to take further action upon. The only issue before respondent by virtue of said protest was the correctness of the orders providing for an increase in maximum rents. Respondent’s only responsibility was to determine whether these orders when issued by the local rent office were consistent with the law and regulations then in effect. When respondent denied the protest, it determined that the orders were correct and in conformity with the law and regulations in existence at the time that the local rent office issued its orders (Matter of East 19th St. Co. v. Gabel, 39 Misc 2d 218 [Capozzoli, J.]; Matter of Streg, Inc. v. Gabel, 39 Misc 2d 93 [Tessler, J.]).
Since the local rent office had issued orders increasing the maximum rents on January 10, 1962, this, in effect, gave the petitioner a vested interest in a rule so as to entitle it to keep the rule unchanged (Gilchrist v. Gabel, N. Y. L. J., Jan. 17, 1963, p. 14, col. 4 [Klein, J.]).
A retroactive application of the new laws to defeat petitioner’s vested rights is unwarranted, and 11 if permissible under the applicable statutes, would raise a serious question as to the constitutionality of those statutes ” (Matter of Weinreb v. Gabel, 38 Misc 2d 1086, 1087 [Klein, J.]).
In the three I. L. F. Y. Co. cases (10 N Y 2d 263; 11 N Y 2d 259; 11 N Y 2d 480) cited by respondent, orders of rent increases were never issued and thus the landlord in those cases did not have a vested interest. The court (10 N Y 2d 263, 270) noted that the parties “ did not have in any particular rule an interest so vested as to entitle it to keep the rule unchanged ”.
*400 The decision in Menro Realty Corp. v. Gabel (N. Y. L. J., Nov. 23, 1962, p. 14, col. 2) is not controlling either because that case dealt with material fraud on the part of the landlord in prior proceedings. There is no allegation of fraud contained in the instant case.
For the reasons above stated, the application of the petitioner is granted.