Hyman Korn, J.
Application, pursuant to article 78 of the Civil Practice Act, for an order vacating and setting aside a determination of respondent, City Bent Administrator, denying petitioner’s application for building wide rent increases based upon an alleged inadequate net annual return, is denied, and the petition dismissed.
The basis for the order herein attacked, and the gravamen of this proceeding was respondent’s rejection of a December, 1960 sale price of the building as the valuation basis for the application. Petitioner filed the application December 27, 1960, about 26 days after it had purchased the building concerned, at which time jurisdiction over such proceedings was vested in the State Bent Administrator, and it was processed pursuant to State statutes and the regulations promulgated thereunder. In March, 1962, this application was denied, after hearings conducted and investigations made by the Local Bent Administrator, the denial being based upon a determination that the purchase price was not set in accordance with normal financing terms nor was it calculated in accordance with various criteria utilized by the Administrator in judging such matters. Petitioner thereupon filed a protest with the State Bent Administrator which was transferred to respondent for determination upon respondent’s acquisition of jurisdiction over rent control matters in New York City. Section Y41-14.0 of the Administrative Code of the City of New York, enacted pursuant to subdivision 5 of section 1 of the State Enabling Act (L. 1962, ch. 21), requires that all protests pending at the time of the transfer were to be determined pursuant to the city rent law, which law provides that purchase price cannot be used for valuation purposes if *389 less than two years have elapsed from the date of the purchase to the date of the application (§ Y41-5.0, subd. g, par. [2], cl. [ii]). Section 100 of the State Bent and Eviction Regulations, cited by petitioner, which requires that similar protests pending at the time a regulation is amended shall be determined in accordance with the regulations in effect at the time of the original order, is not controlling herein in light of the above-noted express provisions of State and local law (Matter of 820 Realty Corp. [Gabel], N. Y. L. J., Feb. 19, 1963, p. 14, col. 7). It is clear that petitioner had no vested right under the original order, which rejected its application (cf. Matter of Weinreb v. Gabel, 38 Misc 2d 1086; Gilchrist v. Gabel, N. Y. L. J., Jan. 17, 1963, p. 14, col. 4) so as to entitle it to have its application considered under the rules, unchanged (I. L. F. Y. Co. v. City Rent Administration, 11 N Y 2d 480).
Respondent’s determination that the purchase price was distorted by abnormal financing is not without substantial evidence in the record to support it, nor was its determination, under the circumstances, arbitrary or capricious. Consideration was given to the unusual mortgaging of the transaction; the relatively small percentage of the purchase price paid in cash; the payment of a bonus for the assignment of the contract of sale to one related to the principals of petitioner corporation; the ratio of the sales price to the annual gross income from the building, and other criteria heretofore held reasonable in similar cases (see Matter of Georgia Props. v. Herman, 222 N. Y. S. 2d 195, affd. without opinion 15 A D 2d 879, motion for leave to appeal denied 11 N Y 2d 648; Matter of Sarbet Associates v. Herman, 16 A D 2d 804, motion for leave to appeal denied 12 N Y 2d 643; Matter of 820 Realty Corp. [Gabel], supra). In snch circumstances the respondent’s determination must be upheld (Matter of Edwards v. Herman, 17 A D 2d 185; East 53rd, Inc., v. Gabel, N. Y. L. J., March 14, 1963, p. 15, col. 4).
Accordingly, the application is denied, and the petition dismissed.