George W, Herz, J.
This application is made pursuant to article 78 of the Civil Practice Act to review and, upon such review, to modify an order of the New York City Bent and Behabilitation Administrator.
The order sought to be so reviewed and modified is dated April 30,1963, and denies in part petitioner’s protest against an order of the Local Rent Administrator, dated April 2, 1962, which denied petitioner’s application for increases in rents. Petitioner’s application was based upon the provisions of the Bent and Eviction Regulations of the then Temporary State Housing Bent Commission, permitting a certain net annual return. The Local Bent Administrator (State) determined that petitioner’s purchase price was ineligible as a base for valuation to determine net annual return because of abnormal financing.
On May 1, 1962, the authority for the control of rents in residential accommodations in the City of New York was transferred from the State Commission to the City Bent and *248 Rehabilitation Administration pursuant to the provisions of chapter 21 of the Laws of 1962. Section Y41-5.0 (subd. g, par. [2], cl. [ii]) of the Administrative Code of the City of New York (City Rent and Rehabilitation Law) effective May 1, 1962, prohibits net annual return increases in rents based upon purchase price in excess of assessed valuation until two years after a particular purchase. Petitioner purchased the subject real property on May 1,1961, and its application was both filed and passed upon by the Local Rent Administrator (State) before May 1,1962.
The order of the City Rent Administrator, dated April 30, 1963 (based upon the law and regulations in effect on May 1, 1962), which denied in part petitioner’s protest, provides inter alia as follows: ‘ ‘ Since the record shows that the applicant purchased the premises on May 1, 1961, the two year minimum period will not lapse until May 1,1963 * * *. Therefore, the Administrator is of the opinion that it is unnecessary to consider the specific grounds for the original rejection of the purchase price paid by the landlord herein and that it is proper to use the March 31, 1958, purchase price of $615,000.00 paid by a prior landlord as a basis for calculating the allowable net annual return. ’ ’
Petitioner contends that respondent erred in applying the two-year rule to its application which had been passed upon at the local level prior to the effective date of such rule.
In I. L. F. Y. Co. v. City Rent & Rehabilitation Administration (11 N Y 2d 480), the majority of the Court of Appeals held valid the application of the two-year rule to applications for rent increases, which were filed prior to the effective date of the new rent law, but upon which no orders had been issued prior to such date on any administrative level. The majority of the court was of the opinion that the landlord “ ‘ did not have in any particular rule an interest so vested as to entitle it to keep the rule unchanged ’ ” (11 N Y 2d 491).
Upon the strength of two cases which indicate that I. L. F. Y. Co. v. City Rent & Rehabilitation Administration (supra) was inapplicable to situations in which the Local Rent Administrator (State) had granted landlords’ applications for rent increases prior to the effective date of the new law and rules, i.e., that the new rent regulations should not have been applied by the City Rent Administration on review (Matter of Weinreb v. Gabel, 38 Misc 2d 1086, affd. 19 A D 2d 711; Matter of Streg, Inc. v. Gabel, 39 Misc 2d 93), petitioner argues that it has the right to seek a determination of the propriety of the order of the Local Rent Administrator (State) on the merits. Petitioner claims, *249 in other words, that the rights of those whose applications were granted by the Local Bent Administrator (State) prior to the effective date of the two-year rule, and its right to at least a substantive determination of whether the denial of its application was erroneous, are equivalent.
The court agrees with this argument. Although Matter of 820 Realty Corp. v. Gabel (N. Y. L. J., Feb. 19, 1963, p. 14, col. 7) and Matter of Kingsley Equities Corp. v. Gabel (39 Misc 2d 387) indicate that a landlord whose application was denied at the local level prior to May 1, 1962, is barred, upon protest, by the two-year rule, nevertheless both the Local Bent Administrator (State) and the court in each of those eases actually considered the landlord’s application on its merits.
It is noted that although respondent states in her brief that she did review the determination of the Local Bent Administrator (State) on the merits, and submits an exhibit in this regard, the portion of her order (upon petitioner’s protest) which is quoted herein is to the contrary.
Petitioner further contends that respondent was unjustified in disallowing its fire insurance costs as an expense. It appears that respondent’s determination in this respect may have been based, at least in part, upon her utilization of the purchase price of petitioner’s predecessor in title as a base for valuation, in accordance with the two-year rule which has herein been held inapplicable.
Accordingly, the entire matter is remitted to respondent for further consideration upon the merits of petitioner’s application.